**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Joseph E. Rudy,

                            Plaintiff,

                            vs.                          Case No:

Wakefield & Associates, Inc.

                            Defendant.

---------------------------------------------------------------------/

      Joseph E. Rudy (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Wakefield & Associates, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

      1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA").

**JURISDICTION AND VENUE**

      2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

      3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

      4.    At all relevant times, Defendant conducted business within the State of New York.

Barshay Sanders PLLC

1

**PARTIES**

5. Plaintiff Joseph Rudy is an individual who is a citizen of the State of Florida residing in Pinellas County, Florida.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief, Defendant Wakefield & Associates, Inc. ("Wakefield") is a corporation formed in the State of Colorado with an address of 10800 E. Bethany Drive, Suite 450, Aurora, CO 80014.

9. Wakefield in a licensed consumer collection agency in the State of Florida, license number CCA9904316.

10. Wakefield regularly collects or attempts to collect debts asserted to be owed to others.

11. Wakefield is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Wakefield's business is the collection of such debts.

13. Defendant uses the mails in its debt collection business.

14. Wakefield is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and § 559.55(7) of the FCCPA.

**THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

15. The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many

debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at § 1692(a).

16. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA inn1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. See Id. at 1258.

17. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

18. Under the foregoing standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. See Id. at 1193–95.

19. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. See Id. at 1201.

20. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." Id. at 1194 (internal quotation marks omitted).

21. After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors

3

and creditors. To this end, the Florida State legislature passed the FCCPA. The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Id. at § 559.552.

## FACTUAL ALLEGATIONS

22. Defendant alleges Plaintiff owes a debt (the "Debt").

23. The Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The Debt does not arise from any business enterprise of Plaintiff.

25. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and § 559.55(7) of the FCCPA.

26. Sometime in January 2020, Plaintiff received a quote via his doctor's office for medical procedures to be performed at the facilities of Countryside Surgery Center ("*Countryside*").

27. Thereafter, Plaintiff confirmed the quote for the medical procedures with the billing manager at Countryside.

28. On February 17, 2020, Plaintiff prepaid for the medical procedures in the amount of $3,670.00, prior to the procedures being performed on the same date.

29. Thereafter, Countryside sent Plaintiff an invoice for the Debt, dated February 24, 2020, in the amount of $701.60 (the "*Invoice*").

30. The Invoice is a "communication" as defined by § 559.55(2) of the FCCPA.

31. The Invoice was received and read by the Plaintiff.

32. The Invoice stated, in part, "...balance is due within 21 days from this statement date." Making the payment due on or before March 16, 2020.

33. Plaintiff spoke with his doctor's office and confirmed this amount is incorrect and Plaintiff was being billed twice for one of the procedures.

34. Plaintiff contacted the billing department for Countryside and explained that this amount was not owed.

35. Thirty-nine (39) days after the due date per the Invoice, Wakefield, under the disguise of Countryside's name, sent Plaintiff a collection letter (the "Initial Collection Letter") dated April 24, 2020. (A true and accurate copy is annexed hereto as "**Exhibit 1**.")

36. The address and phone number contained within the Initial Collection Letter belong to Wakefield.

37. At the time of the Initial Collection Letter the Debt was in default.

38. The Initial Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and § 559.55(2) of the FCCPA.

39. The Initial Collection Letter was received and read by Plaintiff.

40. The Initial Collection Letter failed to include the required dispute rights pursuant to the FDCPA, commonly known as the 1692g Notice.

41. The Initial Collection Letter failed to include the required notice that "the communication is from a debt collector", as well as "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose", pursuant to the FDCPA, commonly known as the Mini-Miranda, violating 1692e(11).

42. The Initial Collection Letter which appeared to Plaintiff was from Countryside,

5

violated 1692e(14) because the FDCPA prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

43. Wakefield's attempt to operate under the disguise of Countryside was deceptive to the Plaintiff and an attempt by Wakefield to avoid their obligations under the FDCPA.

44. On May 18, 2020, Plaintiff received a call on his cellphone from Wakefield regarding the Debt.

45. The May 18, 2020 was a "communication" as defined by 15 U.S.C. § 1692a(2) and § 559.55(2) of the FCCPA.

46. Wakefield failed to provide Plaintiff the required notice pursuant to 1692e(11) on the May 18, 2020 telephone call.

47. During this call, Plaintiff once again explained that the Debt is not owed and informed the collection agent to request validation of the Debt from Countryside because Plaintiff prepaid the total amount of the procedures in the amount of $3,670.00.

48. Instead of taking Plaintiff's dispute, the collection agent informed Plaintiff that he only paid $400.00.

49. Undeterred by Plaintiff's dispute, on June 2, 2020, Wakefield once again contacted Plaintiff on his cellphone in an attempt to collect the Debt.

50. The June 2, 2020 was a "communication" as defined by 15 U.S.C. § 1692a(2) and § 559.55(2) of the FCCPA.

51. Wakefield failed to provide Plaintiff the required notice pursuant to 1692e(11) on the June 2, 2020 telephone call.

52. On June 12, 2020, Plaintiff had a follow-up appointment with his doctor, and

Plaintiff's doctor confirmed the Debt is not owed and Countryside through Wakefield is attempting to bill twice for the same procedure. Additionally, Plaintiff's doctor confirmed that no additional procedures were performed beyond what was quoted to and prepaid by Plaintiff.

53. On June 22, 2020, one of Plaintiff's attorneys sent a notice of representation to Countryside and Wakefield.

54. After receipt of the June 22, 2020 notice of representation, Wakefield again under the disguise of Countryside's name, sent another collection letter to Plaintiff, dated June 23, 2020 (the "Second Collection Letter").

55. The address and phone number in the Second Collection Letter belong to Wakefield.

56. The Second Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and § 559.55(2) of the FCCPA.

57. The Second Collection Letter was received and read by Plaintiff.

58. The Second Collection Letter failed to include the required notice pursuant to 1692e(11).

59. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free false, deceptive, and/or misleading communications from Wakefield. As set forth herein, Wakefield deprived Plaintiff of this right.

60. As set forth in the following Counts, Defendant's communications violated the FDCPA and FCCPA.

61. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

62. Plaintiff has suffered damages from Defendant's conduct, including emotional

7

distress.

### FIRST COUNT – Wakefield & Associates, Inc.
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

63. Plaintiff repeats and realleges the foregoing paragraphs 23 through 63 as if fully restated herein.

64. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

66. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

67. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

68. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

69. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

70. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation

of 15 U.S.C. § 1692e(2)(A).

71. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

72. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

74. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

75. The Initial Collection Letter alleges that Plaintiff owed $701.60.

76. The Second Collection Letter alleges that Plaintiff owed $701.60.

77. Wakefield made calls to Plaintiff on his cellphone in attempt to collect the alleged Debt.

78. Plaintiff did not owe $701.60.

79. Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect.

80. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a false representation made by Wakefield in connection with Wakefield's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

9

81. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a deceptive representation made by Wakefield in connection with Wakefield's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

82. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a misleading representation made by Wakefield in connection with Wakefield's collection of the alleged Debt, in violation of 15 U.S. C. § 1692e.

83. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

84. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C § 1692e(2)(A).

85. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

86. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

10

87. Wakefield's allegation that Plaintiff owed $701.60, when Plaintiff did not owe any money at all to Countryside, the entity on whose behalf Wakefield was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

88. For the foregoing reasons, Wakefield violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), therefore is liable to Plaintiff.

### SECOND COUNT – Wakefield & Associates, Inc.
### Violation of 15 U.S.C. § 1692g

89. Plaintiff repeats and realleges the foregoing paragraphs 22 through 63 as if fully restated herein.

90. 15 U.S.C. § 1692g(a) provides, "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

91. Wakefield's Initial Collection Letter failed to include the foregoing, depriving Plaintiff of his rights.

11

92. Wakefield violated § 1692g(a) of the FDCPA.

### THIRD COUNT – Wakefield & Associates, Inc.
### Violations of 15 U.S.C. §§ 1692e, 1692e(11), and 1692e(14)

93. Plaintiff repeats and realleges the foregoing paragraphs 22 through 63 as if fully restated herein.

94. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

95. "The failure to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector" is a violation of § 1692e(11).

96. "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is a violation of § 1692e(14).

97. Wakefield violated 1692e(14) by operating under the disguise of Countryside in order to misleading, confuse, and/or deceive Plaintiff.

98. Wakefield violated 1692e(11) by failing to provide Plaintiff with the required disclosures.

99. Wakefield violated 1692e by failing to provide Plaintiff with the notice required under 1692g(a).

### FOURTH COUNT – Wakefield & Associates, Inc.
### Violation of 15 U.S.C. § 1692c

100. Plaintiff repeats and realleges the foregoing paragraphs 22 through 63 as if fully restated herein.

12

101. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "*if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…*"

102. Wakefield received notice that Plaintiff was represented by an attorney with respect to the Debt.

103. Wakefield knew Plaintiff was represented by an attorney when Wakefield sent the Second Collection Letter.

104. Wakefield violated § 1692c(a)(2) of the FDCPA.

### FIFTH COUNT – Wakefield & Associates, Inc.
### Violation of § 559.72(9) of the FCCPA

105. Plaintiff repeats and realleges the foregoing paragraphs 23 through 63 as if fully restated herein.

106. Section 559.72(9) of the FCCPA provides that a debt collector shall not: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

107. Wakefield knew that it did not have a legal right to collect the debt not owed.

108. Wakefield violated Section 559.72(9) of the FCCPA.

### SIXTH COUNT – Wakefield & Associates, Inc.
### Violation of § 559.72(18) of the FCCPA

109. Plaintiff repeats and realleges the foregoing paragraphs 22 through 63 as if fully restated herein.

110. Section 559.72(18) of the FCCPA states that a debt collector shall not:

13

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

111. Wakefield received notice that Plaintiff was represented by an attorney with respect to the Debt.

112. Wakefield knew Plaintiff was represented by an attorney when Wakefield sent the Second Collection Letter.

113. Wakefield violated Section 559.72(18) of the FCCPA.

## JURY DEMAND

114. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant, Wakefield & Associates, Inc.'s actions violate the FDCPA; and

    b. Finding Defendant, Wakefield & Associates. Inc.'s actions violate the FCCPA; and

    c. Granting statutory and actual damages against Defendant, Wakefield & Associates, Inc. pursuant to 15 U.S.C. § 1692k; and

    d. Granting statutory and actual damages against Defendant, Wakefield & Associates, Inc. pursuant to § 559.77(2) of the FCCPA; and

    e. Granting punitive damages against Defendant, Wakefield & Associates, Inc. pursuant to § 559.77(2) of the FCCPA; and

f. Granting injunctive relief Defendant Wakefield & Associates, Inc. pursuant to § 559.77(2) of the FCCPA; and

g. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and Florida Stat. § 559.77(2); and

h. Granting Plaintiff's costs; all together with

i. Such other relief that the Court determines is just and proper.

DATED: July 31 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire (Fla Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119710

15